UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. KYLES (#234503),

                                  CASE NO. 2:13-CV-10355
                Plaintiff,       JUDGE STEPHEN J. MURPHY, III
                                    MAGISTRATE JUDGE PAUL J. KOMIVES
v.

GLENN KUSEY,
BRAD PURVES,
TIMOTHY BEAVER and
LLOYD RAPELJE,

                          Defendants,
_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S JULY 1, 2013 FILING (Doc. Ent. 18)

**I.**    **RECOMMENDATION:** The Court should interpret plaintiff's July 1, 2013 filing as a motion for injunctive relief and should either **(a)** deny plaintiff's July 1, 2013 motion for preliminary injunction and temporary restraining order (Doc. Ent. 18) as moot on the basis that plaintiff will receive the relief he requests by way of Judge Quist's July 10, 2013 order in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.) or **(b)** grant plaintiff's motion to the extent it seeks preliminary injunctive relief and enter an order similar to Judge Quist's July 10, 2013 order in *Heard*.

**II.**    **REPORT:**

**A.**    **Plaintiff Kyles's January 29, 2013 complaint, filed pro se, identifies four (4) defendants.**[1]

_____

[1]This case is one of a few before this Court in which plaintiffs contest the adequacy of their diets during Ramadan. *See, i.e., Welch v. Spaulding*, No. 2:12-cv-13172-PDB-PJK (E.D. Mich.); *Conway v. Purves*, No. 2:13-cv-10271-PJD-PJK (E.D. Mich.); and *Kyles v. Kusey*, No. 2:13-cv-10355-SJM-PJK (E.D. Mich.); *see also Heard v. Finco*, No. 2:13-cv-11342-VAR-MJH

Anthony D. Kyles (#234503) is currently incarcerated at the Oaks Correctional Facility (ECF) in Manistee, Michigan.  On January 29, 2013, while incarcerated at Saginaw Correctional Facility (SRF) in Freeland, Michigan, Kyles filed the instant, verified prisoner civil rights complaint pro se against Glenn Kusey, Brad Purves, Timothy Beaver and Lloyd Rapelje, based upon the Ramadan 2012 diet.  Doc. Ent. 1 at 1-4, 21-22.[2]

**B.      There are several pending motions in this case.**

**1.**      Currently before the Court are defendants Purves, Beaver and Rapelje's March 25, 2013 motion to dismiss (Doc. Ent. 10) and defendant Kusey's March 28, 2013 motion to dismiss (Doc. Ent. 12).  Pursuant to my April 2, 2013 order (Doc. Ent. 13), plaintiff's responses to these motions were due May 28, 2013.

On April 8, 2013, plaintiff filed a response (Doc. Ent. 15 at 1-13), attached to which are Exhibits A-L (Doc. Ent. 15 at 14-54).

**2.**      Also before the Court is defendants' April 3, 2013 motion to stay discovery (Doc. Ent. 14), attached to which are plaintiff Kusey's March 8, 2013 discovery requests (Doc. Ent. 14-2). Pursuant to my April 29, 2013 order (Doc. Ent. 16), plaintiff's response was due on May 24, 2013.  On May 24, 2013, plaintiff filed a response (Doc. Ent. 17).

**C.      The Court should either deny plaintiff Kyles's July 1, 2013 motion for preliminary injunction and temporary restraining order (Doc. Ent. 18) as moot or grant plaintiff's motion to the request it seeks preliminary injunctive relief.**

**1.**      In his January 29, 2013 verified complaint, plaintiff seeks entry of "[a] preliminary and permanent injunction ordering defendants . . . to provide Muslims adhering to Ramadan . . . the

---

(E.D. Mich.) (transferred to W.D. Mich. on April 3, 2013 (Case No. 1:13-cv-00373)).

[2]Judge Murphy has referred this case to me for all pretrial matters.  Doc. Ent. 8.

daily calories and nutrition that [are] set forth in the dietary reference intake approved by the National Research Council."  Doc. Ent. 1 at 22.

On July 1, 2013, plaintiff Kyles filed a "memorandum of law in support of preliminary injunction & temporary restraining order[.]"  Doc. Ent. 18.  This report and recommendation interprets this filing as a motion for injunctive relief.

2.      Specifically, plaintiff claims he is burdened by "inadequate Ramadan 'Bagged Meals' served to [him] for the [upcoming] Obligatory Ramadan Fast starting on July 9, 2013."  Among other things, Kyles asserts that "[t]hese bagged meals are on an average of approximately 1300 calories[.]"  Doc. Ent. 18 at 2.

Attached to plaintiff Kyles's filing is his declaration, wherein he states that he was transferred from SRF to ECF on January 29, 2013.  He claims to have seen a Ramadan 2013 menu on June 17, 2013, after which he wrote to prison staff on June 25, 2013 that "the menu was not complying with policy and violating [his] right to freely exercise [his] religion." Plaintiff declares that the instant lawsuit was prompted by SRF's Ramadan 2012 bagged meals but claims that "these are the very same 'Bagged Meals' and menu to be served here at [ECF]."  Doc. Ent. 18 at 9

Plaintiff Kyles also supplies the declaration of Bobby Kennedy (#322147), currently an inmate at ECF, who states: "[u]pon looking at the menu [for Ramadan 2013] & adding up the calories the daily menu tops out at 1300 calories (per day) for the entire month of Ramadan[,] whereas the rest of the population receives no less than 2600 calories per day."  Doc. Ent. 18 at 10.

Plaintiff then discusses each of the factors that the Court must consider when evaluating a motion for injunctive relief.  With respect to the first factor - likelihood of success on the merits - plaintiff asserts that "Jewish and inmates practicing Buddhism who receive Kosher and Buddhist diet meals are met with the required daily caloric intake by defendants."  Doc. Ent. 18 at 3.  Furthermore, with respect to the second factor - irreparable harm - plaintiff asserts that he "has no other recourse to halt the continue[d] violations of the defendants, but to seek a[] preliminary injunction when defendants are disregarding their own laws, policies, and procedures which govern[] their corporation."  If the menu is defective and in violation of MDOC Policy, plaintiff contends, "it places a substantial burden on [him] to make a choice to follow his religious tenets or receive adequate nutrition."  Plaintiff further notes that "prison authorities enjoy complete control over all sources of pleasure, comfort and basic needs."  Doc. Ent. 18 at 4.

Finally, in what appears to be a proposed order requiring defendants to show cause, plaintiff seeks entry of a preliminary injunction "enjoining the defendants . . . from serving 'Bagged Meals' which are inadequate in their caloric intake count and in violation of Plaintiff's [rights under the] First and Fourteenth Amendment[s] of the United States Constitution."  In other words, plaintiff asks that defendants be "restrained from serving the 'Bagged Meals' for Ramadan in the [ECF] in Manistee, Michgian."  Doc. Ent. 18 at 11-12

**2.**     "In determining whether or not to grant a preliminary injunction, a district court considers four factors: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (external citation omitted).

4

Here, I am persuaded by Judge Quist's decisions in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.).  In *Heard*, four (4) prisoners at Lakeland Correctional Facility (LCF) in Coldwater, Michigan alleged that past Ramadan meals "provide[d] only approximately 1,000 to 1,500 calories per day and therefore do not meet the MDOC's mandated 2,900 calorie per day requirement for prisoners."  *Heard*, July 8, 2013 Memorandum Opinion and Order at p. 1. These plaintiffs sued several MDOC officials "alleging that their refusal to accommodate Plaintiffs' requests for adequate meals before the start and at the end of the daily fast during Ramadan violated their rights under the First and Eighth Amendments, as well as the [RLUIPA]." Their June 14, 2013 motion for a preliminary injunction sought "an order requiring Defendants to provide Plaintiffs adequate meals and nutrition during Ramadan 2013, which commences July 8, 2013 and concludes August 7, 2013."  *Id.* at p. 2.

In his July 8, 2013 memorandum opinion and order denying the motion for preliminary injunction, Judge Quist concluded that plaintiffs had "failed to demonstrate irreparable harm."  *Id.* at p. 3.  Specifically, Judge Quist relied upon the assertion that MDOC PD 04.07.100 ("Offender Meals") "does not specify a minimum caloric meal value."  Judge Quist also relied upon an affidavit from Purves.  *Id.* at pp. 3-4.  In the end, Judge Quist stated:

> In light of the information set forth in Purves's affidavit,[3] Plaintiffs have failed to demonstrate that they are likely to suffer irreparable harm absent injunctive relief.  First, Plaintiffs' [June 14, 2013] motion is based on an out-of-date meal plan that will not apply to the 2013 Ramadan observance.  Second, Defendants have shown that the meal plan for the 2013 Ramadan observance provides between 2,350 and 2,594 calories per day, which substantially meets the recommended calorie requirements for most moderately active prisoners[.] Third, Plaintiffs wholly fail to show that they will suffer any harm from a slight reduction

---

[3]Purves's June 28, 2013 affidavit was attached to the defendants' June 28, 2013 response in *Heard*, Case 1:13-cv-00373-GJQ-HWB (W.D. Mich.) (Doc. Ent. 17-3).

in their daily caloric intake during the 30-day Ramadan observance.  As
Defendants note, because Ramadan is a time of constant prayer and reflection, it is
questionable w[h]ether an observant Muslim would be deemed moderately active
during Ramadan.  Finally, to the extent Plaintiffs seek additional food during
Ramadan, they may purchase it from the prison store, as they have done in the
past.

*Id*. at pp. 4-5.

However, on July 10, 2013, Judge Quist entered an order of clarification regarding his

July 8, 2013 memorandum opinion and order denying plaintiffs' motion for preliminary

injunction, because shortly after the Court issued its order the Court received plaintiffs' July 8,

2013 reply,  attached to which were (1) MDOC Ramadan 2013 Bagged Meal Menus with

handwritten caloric totals for the weeks of July 9, July 14, July 21 and July 28, 2013, and (2) the

July 3, 2013 affidavits of plaintiffs Heard, Nelson, Moses and Johnson.  In the July 10, 2013 order

of clarification, Judge Quist stated:

> To the extent that the menu Plaintiffs submit is the actual Ramadan meal plan for
> Lakeland Correctional Facility, the Court would conclude that Plaintiffs have
> shown irreparable harm because Plaintiffs are being provided an insufficient
> number of calories for a nutritionally adequate diet. Moreover, if such is the case,
> the Court would have likely issued the requested injunctive relief. Accordingly, the
> Court will hold Defendants to their representation regarding the amount of calories
> that the 2013 Ramadan meal plan will provide to Muslim prisoners who observe
> Ramadan and order Defendants to provide Plaintiffs at least 2,350 calories per day
> during the present Ramadan observance.

He then stated that "the Court's July 8, 2013 Memorandum Opinion and Order Denying

Plaintiffs' Motion for Preliminary Injunction (dkt. # 21) is **clarified** to provide that Defendants

shall provide Plaintiffs at least 2,350 calories per day during the 2013 Ramadan observance, in

accordance with Defendants' prior representations to this Court."  *See Heard v. Finco*, Case No.

1:13-cv-00373-GJQ-HWB (W.D. Mich. July 10, 2013).

**3.**     Mindful of plaintiff Kyles's July 1, 2013 motion requesting relief "prior to [the] complaint

being decided[,]" Doc. Ent. 18 at 6, and finding persuasive Judge Quist's July 10, 2013 order of

clarification, I recommend that the Court should either **(a)** deny plaintiff Kyles's July 1, 2013

motion for preliminary injunction and temporary restraining order (Doc. Ent. 18) as moot on the

basis that plaintiff Kyles will receive the relief he requests by way of Judge Quist's July 10, 2013

order in *Heard v. Finco*, Case No. 1:13-cv-00373-GJQ-HWB (W.D. Mich.) or **(b)** grant plaintiff

Kyles's motion to the extent it seeks preliminary injunctive relief and enter an order similar to

Judge Quist's July 10, 2013 order in *Heard*.[4]

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United

States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but

fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.

Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d

---

[4]Ordinarily the Court would wait to issue its recommendation regarding plaintiff's July 1, 2013 dispositive motion (Doc. Ent. 18) until defendants' time to respond under E.D. Mich. LR 7.1 had passed or would issue an expedited scheduling order.  However, in light of (a) plaintiff's representation that Ramadan began on July 9, 2013 (Doc. Ent. 18 at 2) and (b) the Court's recent report and recommendation on plaintiffs' motion for injunctive relief in *Conway v. Purves*, No. 2:13-cv-10271-PJD-PJK (E.D. Mich. July 18, 2013) (report and recommendation of Komives, M.J.), I proceed at this time with my recommendation on the present motion.

1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/Paul J. Komives_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 25, 2013.

s/Felicia M. Moses_____
FELICIA M. MOSES
Case Manager