UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. KYLES,

    Plaintiff,

v.

GLENN KUSEY, BRAD PURVES,
TIMOTHY BEAVER and LLOYD
RAPELJE,

    Defendants.
_____/

Case No. 13-cv-10355

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
AS MOOT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF** (document no. 18)

On January 29, 2013, while incarcerated at the Saginaw Correctional Facility ("SRF") in Freeland, Michigan, Kyles filed the instant prisoner civil rights complaint against defendants Rapelje and Beavers, employees at SRF; Purves, the Food Service Program Manager, Correctional Facilities Administrator for the Michigan Department of Corrections ("MDOC"); and Kusey, the Food Service Director at the Kinross Correctional Facility ("KCF") in Kincheloe, Michigan (collectively "Defendants"). Kyles alleges that his free exercise rights under the First Amendment were violated because he was given bag meals during the Ramadan fast from July 20, 2012 to August 18, 2012 which provided insufficient nutritional value. Kyles is currently confined to the Oaks Correctional Facility ("ECF") in Manistee, Michigan. The Court referred all pre-trial proceedings to Magistrate Judge Komives for resolution or recommendation.

Kyles' complaint seeks entry of "[a] preliminary and permanent injunction ordering [defendants] to provide Muslims adhering to Ramadan [] the daily calories and nutrition that is set forth in the dietary reference intake approved by the National Research Council.

Compl. at 22, ECF No. 1. While Defendants' motions to dismiss were pending, *see* ECF Nos., 10, 12, on July 1, 2013, Kyles filed a "memorandum of law in support of preliminary injunction & temporary restraining order," ECF No. 18, which the magistrate judge interpreted as a motion for injunctive relief. Defendants did not file a response. On July 25, 2013, the magistrate judge issued a Report and Recommendation ("Report"), recommending that either Kyles' motion be denied as moot on the basis that Kyles will receive the relief he requests by way of Judge Quist's order in the similar case of *Heard v. Finco*, No. 13-00373 (W.D. Mich. July 10, 2013)[1] or that it be granted and the Court should enter an order similar to that in *Heard*. ECF No. 19.

Defendants filed a timely objection to the Report on August 8, 2013, arguing that this Court should reject the Report and deny the request for injunctive relief as moot because the 2013 Ramadan Fast has ended. ECF No. 20. Kyles filed an objection dated August 5, 2013, ECF. 22, essentially contending that defendants were already in violation of the order made by Judge Quist.[2] For the reasons stated herein, the Court agrees that Kyles' motion for injunctive relief should be denied as moot, but for a different reason: the Court finds that the motion is moot because Ramadan has ended. Accordingly, the Report is adopted in part and denied in part, defendants' objection is granted, Kyles' objection is denied, and Kyles' motion for injunctive relief is denied as moot.

---

[1] In *Heard*, the Court entered an order dated July 10, 2013 ordering Defendants, including those named herein, to "provide Plaintiffs at least 2,350 calories per day during the 2013 Ramadan observance, in accordance with Defendants' prior representations to this Court." *Heard v. Finco*, No 13-373 (W.D. Mich. July 10, 2013), ECF No. 22.

[2] The Court notes that, although the objection is dated August 5, 2013, it was not filed with the Court until September 6, 2013, which would make it untimely pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). In any event, in the interest of allowing Kyles to present his case, the Court will consider his objection.

## STANDARD OF REVIEW

Recommendations on dispositive motions given by a magistrate judge are reviewed pursuant to Fed. R. Civ. P. 72(b). The district judge who referred the motions is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

## DISCUSSION

In considering a motion for a preliminary injunction in its discretion, the district court should consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met," and "[n]o single factor will be determinative as to the appropriateness of equitable relief." *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Nevertheless, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

To establish irreparable harm, a movant needs to show actual and imminent harm rather than harm that is speculative or unsubstantiated. *Abney v. Amgen, Inc.* 443 F.3d 540, 551 (6th Cir. 2006). This Court agrees with the recent decision of another judge in this District determining that plaintiffs seeking similar relief in a similar case could not show

irreparable harm because Ramadan has ended for the year 2013. *Conway v. Purves*, No. 13-10271 (E.D. Mich. Aug. 9, 2013), ECF No. 52. In that case, Judge Duggan considered a nearly identical motion for an injunction enjoining defendants, including some of those named herein, and all statewide prisons from denying plaintiffs and other Muslim inmates participating in the Ramadan fast a balanced nutritional diet of 2600 to 2900 calories on any given day during Ramadan. *Id.* at 5-6. The same magistrate judge who made a Report here presented a recommendation identical to the one he made here. *See Conway v. Purves*, No. 13-10271, *Report & Recommendation*, ECF No. 47. Judge Duggan, however, determined that because Ramadan has concluded,[3] plaintiffs could not establish immediate harm absent an injunction even if they did not receive meals during the 2013 Ramadan period that satisfied Judge Quist's order. *Conway*, ECF No. 52 at 9.

This Court concurs with the reasoning in *Conway* and with defendants' contention that the relief Kyles requests is now moot. Kyles' assertion raised in his objection that defendants violated Judge Quist's order is irrelevant because Ramadan has ended and he is no longer suffering any harm. As a result, the Court need not consider the magistrate judge's recommendation that it enter an order similar to the order in *Heard*. In addition, although the Court agrees with the magistrate judge that Kyles' request for an injunction is moot, it does not reach the magistrate judge's conclusion that it is so because he would receive the relief he requests through the *Heard* order, but, instead, determines that it is moot because Ramadan has ended for this year.

---

[3] The Court takes judicial notice of the fact that Ramadan lasted from July 9 to August 7, 2013.

4

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Magistrate Judge's Report (document no. 19) is **ADOPTED IN PART** and **REJECTED IN PART**.

**IT IS FURTHER ORDERED** that defendants' objection (document no. 20) is **GRANTED** and that Kyle's objection (document no. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Kyles' motion for injunctive relief (document no. 18) is **DENIED AS MOOT**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 25, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 25, 2013, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager