UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. KYLES,

        Plaintiff,                              Case No. 13-cv-10355

v.                                     HONORABLE STEPHEN J. MURPHY, III

GLENN KUSEY, BRAD PURVES,
TIMOTHY BEAVER and LLOYD
RAPELJE,

        Defendants.

_____/

**AMENDED ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING REPORT AND RECOMMENDATION** (document no. 21), **DENYING
DEFENDANTS' MOTIONS TO DISMISS IN PART** (document nos. 10 & 12), **AND
DENYING PLAINTIFF THE RELIEF SOUGHT IN HIS COMPLAINT** (document no. 15)

      On January 29, 2013, while incarcerated at the Saginaw Correctional Facility ("SRF")

in Freeland, Michigan, Kyles filed the instant prisoner civil rights complaint based on his

2012 Ramadan diet against defendants Rapelje and Beavers, employees at SRF; Purves,

the Food Service Program Manager, Correctional Facilities Administrator for the Michigan

Department of Corrections ("MDOC"); and Kusey, the Food Service Director at the Kinross

Correctional Facility ("KCF") in Kincheloe, Michigan (collectively "Defendants"). Kyles

alleges that his free exercise rights under the First Amendment were violated because he

was given bag meals during the Ramadan fast from July 20, 2012 to August 18, 2012

which provided insufficient nutritional value. Kyles is currently confined to the Oaks

Correctional Facility ("ECF") in Manistee, Michigan. The Court referred all pre-trial

proceedings to Magistrate Judge Komives for resolution or recommendation.

      All defendants moved to dismiss on the grounds that Kyles failed to state an Eighth

Amendment claim and that they were entitled to immunity pursuant to the Eleventh

Amendment and qualified immunity. Defts.' Mot. for Dismissal, ECF No. 10 and Deft. Kusey's Mot. for Dismissal, ECF No. 12. Kyles filed a response in which he argued that his complaint was based upon the free exercise clause and not the Eighth Amendment. *See* Pl.'s Mot. in Resp., ECF No. 15. In one sentence of this response, Kyles "ask[ed] the Court to. . . grant [his] request for Relief sought [in] [his] Complaint." *Id.* at 1.

This motion as well as Defendants' earlier motion to stay discovery pending the decision on the motion to dismiss, *see* Mot. to Stay Discovery, ECF No. 14, were the subject of the magistrate judge's Report and Recommendation ("Report"), issued on September 5, 2013. ECF No. 21. The Report recommends that the Court deny the defendants' motions to dismiss except to the extent that Kyles brought claims against them in their official capacities for damages and to deny Kyles motion in response to the extent that it seeks an order granting him the relief sought in his complaint.[1]

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by

---

[1] The Report also recommends that the Court deny defendants' motion to stay discovery and set a deadline by which defendants should answer and respond to Kyles' discovery requests. Because the motion to dismiss has been denied, the discovery motion is now moot. The Court notes that it referred all pretrial proceedings to the magistrate judge and, therefore, the magistrate judge may set a deadline for discovery in this matter.

the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). Because defendants did not file objections to the Report, de novo review of the Report's conclusions as to them is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings and deny defendants' motion to dismiss to the extent unchallenged here.

Kyles filed objections to the Report on September 23, 2013. He challenges the grant of defendants' motion to dismiss on the claims he brought against them in their official capacities for damages and the denial of his motion in response to the extent that it seeks an order granting him the relief sought in his complaint. Accordingly, those objections will be reviewed de novo here. For the reasons stated below, the Court finds that the objections lack merit. Accordingly, it will overrule the objections, adopt the report, grant defendants' motions to dismiss to the extent of dismissing claims brought against them in their official capacities for damages and deny Kyles' request for the relief sought in his complaint.

In his complaint, Kyles' seeks injunctive relief, compensatory damages, and punitive damages against each defendant. Compl. 22. The magistrate judge did not address the issue of qualified immunity which provides protection for government officials from civil damages when their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982). He did not need to reach the issue because he determined that Kyles stated a First Amendment free exercise claim and defendants did not present any arguments on this issue other than to assert that they were entitled to qualified immunity because no constitutional violation occurred. Report at 15.

Kyles states his objection as follows: "[P]laintiff would object to the defendants being entitled to be "Shielded" under Eleventh Amendment and qualified immunity for damages when their motion to dismiss is essentially moot to plaintiff's claim and defendants conceded to not needing qualified immunity." Pl.'s Objection 2. As discussed above, defendants did argue that they were entitled to qualified immunity and, more importantly, the Court did not grant their motion to dismiss on that basis. Therefore, the Court need only consider the issue reached by the Court which is whether the defendants are entitled to immunity pursuant to the Eleventh Amendment.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). It is well-settled that "the Eleventh Amendment bars a damages action against a state in federal court," and "[t]his bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169. Therefore, the magistrate judge correctly determined that Kyles' claims against defendants in their official capacities are claims against the State of Michigan, which are barred.

However, this ruling does not mean that Kyles cannot recover in the instant case. He can still recover against them in their personal capacity if no qualified immunity is found. *See Harrington v. Grayson*, 764 F.Supp. 464, 476 (E.D. Mich. 1991). Furthermore, the magistrate judge properly found that defendants are not immune to claims against them in their official capacities for injunctive or declaratory relief. *See S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Ex Parte Young*, 209 U.S. 123 (1908)) ("[A] federal

4

court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law"). Thus, Kyles' objection is denied.

Kyles' other objection is that he should have been granted the relief set forth in his complaint because he stated a free exercise claim and because "defendants are not entitled to immunity under [the] Eleventh Amendment or Qualified immunity." Pl.'s Objection 4. However, defendants are entitled to Eleventh Amendment immunity and the Court has not ruled on qualified immunity. Kyles merely stated in one sentence in his response to defendants' motions that the Court should grant his request for the relief sought in his complaint. Pl.'s Mot. in Resp., ECF No. 15. He has not proved his case based solely on his pleadings and the attached exhibits. Therefore, the magistrate properly denied Kyles the relief he requested and his objection is denied.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Kyles' objection (document no. 24) is **OVERRULED** and the magistrate judge's Report (document no. 21) is **ADOPTED**.

**IT IS FURTHER ORDERED** that defendants' motions to dismiss (document nos. 10 & 12) are **DENIED IN PART** and **GRANTED IN PART** to the extent that Kyles' claims against defendants in their official capacities for damages are **DISMISSED**.

**IT IS FURTHER ORDERED** that Kyles' request for the relief sought in his complaint (document no. 15) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 9, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 9, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager

6