UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. KYLES (#234503),

        Plaintiff,                        Case No. 13-cv-10355

v.                                  HONORABLE STEPHEN J. MURPHY, III

GLENN KUSEY,
BRAD PURVES,
TIMOTHY BEAVERS and
LLOYD RAPELJE,

        Defendants.

_____/

**ORDER ADOPTING REPORT AND
RECOMMENDATION** (document no. 34),
**OVERRULING DEFENDANT PURVES' OBJECTION**
(document no. 36), **AND GRANTING IN PART AND REJECTING
IN PART DEFENDANTS' SECOND MOTION TO DISMISS** (document no. 23)

On January 29, 2013, plaintiff Anthony Kyles filed this pro se civil action under 42
U.S.C. § 1983. At the time of filing, Kyles was a prisoner at the Saginaw County
Correctional Facility ("SRF"). Defendants Lloyd Rapelje, Timothy Beavers, and Glenn
Kusey were employed at SRF as, respectively, Warden, Chaplain, and Food Service
Director. Defendant Brad Purves was employed as Food Service Program Manager,
Correctional Facilities Administration for the Michigan Department of Corrections
("MDOC"). Before the Court are Magistrate Judge Komives' Report and Recommendation
("the Report"), Purves' Objection to the Report, and the defendants' Second Motion to
Dismiss.

The Court will adopt the Report. The Court will overrule Purves' Objection to the
Report. The Court will grant in part and deny in part the defendants' Second Motion to
Dismiss.

**BACKGROUND**

The complaint states that Kyles fasted during Ramadan from July 20, 2012 to August 18, 2012. Compl. 3 ¶ 1, ECF No. 1. During this period, the defendants provided Kyles with a Ramadan menu consisting of "bag meals for breakfast and dinner[.]" Compl. 3 ¶ 2, ECF No. 1. Kyles claims the Ramadan menu's caloric intake was inadequate and therefore "plac[ed] a burden upon plaintiff['s] religious freedom" in violation of the Free Exercise Clause of the First Amendment. Compl. 3 ¶ 3, ECF No. 1.

Kyles seeks injunctive relief, compensatory damages, and punitive damages against each defendant, as well as a jury trial and costs. The Court denied Kyles' motion for preliminary injunctive relief. Order, ECF No. 25. It also denied Kyles' motion for damages against the defendants in their official capacities as barred by the Eleventh Amendment. Order, ECF No. 27. On December 9, 2013, the Court entered an order denying the defendants' motion to dismiss. Am. Order, ECF No. 32.

The defendants filed a second motion to dismiss. On July 23, 2014, the magistrate judge issued a Report and Recommendation advising the Court to dismiss Kyles' motion for damages against the defendants in their individual capacities. Report and Recommendation 8-16, ECF No. 34. The Report also recommended the Court deny as moot Kyles' motion for permanent injunctive relief against Rapelje, Beavers, and Kusey, because Kyles was transferred to Carson City Correctional Facility and is no longer incarcerated at SRF. *Id.* at 6. Finally, it suggested not dismissing Kyles' motion for permanent injunctive relief against Purves because his employment as Food Service Program Manager was a "central office" MDOC function. *Id.* at 6-7.

On July 30, 2014, Purves filed an objection to the Report, arguing that Kyles' claim is moot because Purves' former position as Food Service Program Manager was abolished. He is now employed as the Special Assistant to the Chief Medical Officer, a position "far removed from any food service duties." Objection to Report and Recommendation 2 ¶ 2, ECF No. 36. Kyles did not file an objection to the Report or a response to Purves' objection. The matter is now ripe for a decision.

## STANDARD OF REVIEW

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of a magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Additionally, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## LEGAL STANDARDS

I.   12(b)(6) Motion to Dismiss

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . .  be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citations omitted). Accordingly, Civil Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to

3

legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted).

In assessing a motion brought pursuant to Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). To determine whether the plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c). The Court will not presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

The Federal Rules of Civil Procedure require the claimant to put forth only "enough fact to raise a reasonable expectation that discovery will reveal evidence of [the requisite elements of the claim]." *Twombly*, 550 U.S. at 545. Thus, although "a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Therefore, the Court will grant a motion for dismissal pursuant to Rule 12(b)(6) only in cases where there are simply not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

4

II.    <u>Mootness</u>

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). The occurrence of such events will defeat a plaintiff's legally cognizable interest in the outcome become the requested relief cannot be granted. *See id.* ("[I]f a case becomes moot, it does not satisfy the 'case or controversy' requirement of Article III . . . and the federal courts are powerless to decide it.") (quoting U.S. Const. art. III, § 2).

**DISCUSSION**

I.    <u>Kyles' Claims For Damages Against All Defendants and</u>
<u>For Injunctive Relief Against Defendants Rapelje, Beavers, and Kusey</u>

The Report addressed Kyles' claims for damages against the defendants in their individual capacities and for injunctive relief against the defendants in their official capacities. He recommended granting the defendants' Second Motion to Dismiss with respect to Kyles' claim for damages against all of the defendants and with respect to Kyles' claim for injunctive relief against Rapelje, Beavers, and Kusey. No objections were filed by Kyles, Rapelje, Beavers, or Kusey, so de novo review is not required. Magistrate Judge Komives' reasoning is sound and the Court adopts this portion of the Report.

II.    <u>Kyles' Claim For Injunctive Relief Against Defendant Purves</u>

The Report stated that Kyles' claim for injunctive relief against Purves in his official capacity can survive a motion to dismiss. It noted that Purves "is the Food Service Program Manager, Correctional Facilities Administration (CFA) for the MDOC," which the Magistrate Judge assumed was a "central office" MDOC function. Report and Recommendation 6, ECF No. 34. Thus, "plaintiff's transfer from SRF to another MDOC correctional facility would not moot plaintiff's claims for injunctive relief against Purves." *Id.*

On July 30, 2014, Purves objected to this conclusion by Magistrate Judge Komives on the ground that Purves, while still employed by the MDOC, "is now the Special Assistant to the Chief Medical Officer and is far removed from any food service duties." Objection to Report and Recommendation 2, ECF No. 36. For this reason, Purves argues that he has no authority to act as requested by Kyles, and that Kyles' claim for injunctive relief is moot. *Id.* Kyles did not file a response to Purves' objection.

The Court reviews de novo the Second Motion to Dismiss with respect to defendant Purves. The Complaint alleges that Purves was MDOC Food Service Program Manager during the period in question. Compl. 3 ¶ 2, ECF No. 1. The Second Motion to Dismiss admits that "Purves is the Food Service Program Manager, Correctional Facilities Administration (CFA) for the MDOC." Second Mot. to Dismiss 1, ECF No. 23. Although Purves later filed an objection to Magistrate Judge Komives' Report and Recommendation claiming that Purves is no longer employed in this capacity, but rather is employed in a position "far removed from any food service duties," the objection provides no evidence from which this conclusion could be reached. Objection to Report and Recommendation 2 ¶ 2, ECF No. 36. In any case,

Purves' employment would be an issue of fact not appropriate for resolution under Civil Rule 12(b)(6). For this reason, the Court overrules the objection and denies the Second Motion to Dismiss as to Purves.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 34) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Purves' Objection to the Magistrate Judge's Report and Recommendation (document no. 36) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the defendants' Second Motion to Dismiss (document no. 23) is **GRANTED** as to defendants Rapelje, Beavers, and Kusey, and **DENIED** as to defendant Purves.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 18, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager